UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

AAA MACHINERY PARTS AND RENTALS, LLC

    Debtor.
_____/

CASE NO.: 19-25435-BKC-LMI
Chapter 7

JOEL L. TABAS, CHAPTER 7 TRUSTEE,

    Plaintiff,
v.

UBEFUNDING LLC and ANGEL ROMER MORALES.

    Defendants.
_____/

Adv. Case No.: _____

## **COMPLAINT**

Plaintiff, Joel L. Tabas, as Chapter 7 trustee (the "Plaintiff" or "Trustee") of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC. through counsel, sues Defendants, UBEFunding LLC ("UBEF") and Angel Romer Morales ("Morales", collectively with UBEF shall be referred to as the "Defendants"), and alleges as follows:

### **JURISDICTION AND VENUE**

1. This is an adversary proceeding governed by Fed. R. Bankr. P. 7001, *et seq.*, seeking avoidance of fraudulent transfers pursuant 11 U.S.C. § 548 and §§ 726.105 and 726.106 of the Florida Statutes and the recovery of such avoided transfers pursuant to 11 U.S.C. §§ 544, 550 and 551 and §§ 726.108 and 726.109 of the Florida Statutes.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (H).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. Plaintiff is the duly-appointed Chapter 7 Trustee of the debtor, AAA Machinery Parts and Rentals, LLC (the "Debtor") and brings this action solely in his capacity as Trustee.

6. Plaintiff's principal place of business is in Miami-Dade County, Florida.

7. UBEF, is a Florida Limited Liability Company with its principal place of business in Miami-Dade County, Florida.

8. Morales is an individual residing in Volusia County, Florida with sufficient contacts in Miami-Dade County, Florida and is *sui juris*.

9. At all times material hereto, Morales was the Vice-President of the Debtor and is therefore an insider as that term is defined in 11 U.S.C. §§ 101(31)(B)(ii) and 101(31)(B)(iii).

## FACTUAL BACKGROUND

**A. Bankruptcy Case**

10. On November 15, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Shortly thereafter, Plaintiff was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

11. The § 341 Meeting of Creditors was held and concluded on December 11, 2019.

2

**B.    The Initial Transfer of Real Property**

12.    The Debtor owned the real property located at 493 NW 98th Ct. Unit 493, Miami, FL 33172 with the following legal description:

> Unit 493, Building 46, East Wind Lake Village Condominium, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 9546, Page 500, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but is not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium.
>
> Parcel Identification Number: 30-4005-014-1350

(the "Real Property")

13.    On December 21, 2018, the Debtor executed a Warranty Deed, recorded in the Public Records of Miami Dade County, Florida on January 28, 2019, transferring the Real Property to UBEF (the "Initial Transfer"). A true and correct copy of the Warranty Deed is attached hereto as Exhibit "A."

**C.    The Subsequent Transfer of Real Property**

14.    The same day the Warranty Deed was executed, UBEF executed a Quit Claim Deed, recorded in the Public Records of Miami Dade County, Florida on December 28, 2020, transferring the Real Property to Morales (the "Subsequent Transfer"). A true and correct copy of the Quit claim Deed is attached hereto as Exhibit "B."

15.    Upon information and belief, UBEF acted as a strawman to conceal the true nature of the intended transfer of Real Property: the transfer of the Debtor's interest in the Real Property to an officer of the Debtor, Morales, for no consideration.

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

16. The Debtor did not receive value for the Initial Transfer or the Subsequent Transfer (collectively, the "Transfers").

## COUNT I
## AVOIDANCE AND RECOVERY OF THE
## TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A)

17. Plaintiff incorporates and realleges paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Pursuant to 11 U.S.C. § 548(a)(1)(A), a Chapter 7 trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily - made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

19. At or near the time of the Initial Transfer: (i) the Debtor was insolvent or became insolvent shortly thereafter; (ii) the Debtor did not receive reasonably equivalent value in exchange for making the Initial Transfer; and (iii) the Initial Transfer took place around the time the Debtor was the defendant, in three separate state court actions initiated in Miami-Dade County.

20. The Initial Transfer constitutes a transfer of interest in property of the Debtor to UBEF within two years of the Petition Date.

21. The Debtor did not receive reasonably equivalent value in exchange for making the Initial Transfer.

22. The Debtor made the Initial Transfer with the actual intent to hinder, delay or defraud its creditors.

4

23. As a result of the above, the Trustee can avoid the Initial Transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and recover the value thereof for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

  a. Determining that the Initial Transfer delivered to UBEFunding LLC, as set forth above, is a fraudulent transfer and is therefore avoided pursuant to § 548(a)(1)(A) of the Bankruptcy Code;

  b. Determining that UBEFunding LLC is the initial transferee and/or the entity for whose benefit the Initial Transfer was made;

  c. Awarding costs of suit; and

  d. Granting such other and further relief as this Court deems just and proper.

## COUNT II
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550(a)(1) OF THE BANKRUPTCY CODE

24. Plaintiff incorporates and realleges paragraphs 1 through 16 and 18 through 23 of this Complaint as though fully set forth herein.

25. Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Section 548 of the Bankruptcy Code, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from - (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

26. UBEF was the initial transferee of the Initial Transfer and/or the entity for whose benefit the Initial Transfer was made.

Case No.: 19-25435-BKC-LMI<br>Adv. Case No.: _____

27. As a result of the Initial Transfer, UBEF received the Real Property.

28. The Initial Transfer is avoidable by the Plaintiff pursuant to Section 548 of the Bankruptcy Code, and as a result, the Initial Transfer, is recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

  a. Declaring UBEFunding LLC the initial transferee of the Initial Transfer;

  b. warding damages in the total amount of the Initial Transfer, plus pre-judgment interest, in favor of Plaintiff and directing UBEFunding LLC to turn over the Initial Transfer pursuant to 11 U.S.C. § 550 of the Bankruptcy Code;

  c. Awarding costs of suit; and

  d. Granting such other and further relief as this Court deems just and proper.

**COUNT III**
**AVOIDANCE AND RECOVERY OF THE**
**TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B)**

29. Plaintiff incorporates and realleges paragraphs 1 through 16 of this Complaint as though fully set forth herein.

30. Pursuant to 11 U.S.C. § 548(a)(1)(B), a Chapter 7 trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily - (i) received less than reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of

such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

31. The Initial Transfer constitutes a transfer of interest in property of the Debtor to UBEF within two years of the Petition Date.

32. The Debtor did not receive reasonably equivalent value in exchange for making the Initial Transfer.

33. At the time that the Debtor made the Initial Transfer:

   a. The Debtor was insolvent or became insolvent shortly thereafter

   b. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with capital was an unreasonably small capital; or

   c. The Debtor intended to incur, or believed that it would incur, debts that would be beyond The Debtor's ability to pay as such debts matured.

34. As a result of the above, the Trustee can avoid the Initial Transfer to UBEF pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

    a. Determining that the Initial Transfer delivered to UBEFunding LLC, as set forth above, is a fraudulent transfer and is therefore avoided pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

    b. Determining that UBEFunding LLC is the initial transferee and/or the entity for whose benefit the Initial Transfer was made;

    c. Awarding costs of suit; and

    d. Granting such other and further relief as this Court deems just and proper.

### COUNT IV
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550(a)(1) OF THE BANKRUPTCY CODE

35. Plaintiff incorporates and realleges paragraphs 1 through 16 and 30 through 34 of this Complaint as though fully set forth herein.

36. Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Section 548 of the Bankruptcy Code, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

37. UBEF was the initial transferee of the Initial Transfer and/or the entity for whose benefit the Initial Transfer was made.

38. The Initial Transfer is avoidable by the Plaintiff pursuant to Section 548 of the Bankruptcy Code and, as a result, the Initial Transfer is recoverable by the Plaintiff pursuant to 11 U.S.C. § 550 of the Bankruptcy Code.

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. Declaring UBEFunding LLC the initial transferee of the Initial Transfer;

b. Awarding damages in the total amount of the Initial Transfer, plus pre-judgment interest, in favor of Plaintiff and directing UBEFunding LLC to turn over the Initial Transfer pursuant to 11 U.S.C. § 550 of the Bankruptcy Code;

c. Awarding costs of suit; and

d. Granting such other and further relief as this Court deems just and proper.

## COUNT V
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.105(1)(a)

39. Plaintiff realleges paragraphs 1 through 16 of this Complaint as though fully set forth herein.

40. Within the four (4) year period immediately preceding the Petition Date, the Debtor made the Initial Transfer directly to UBEF.

41. The Initial Transfer constitutes a transfer of an interest of the Debtor's, and now, Plaintiff's property.

42. The Debtor made the Initial Transfer to UBEF with the intent to hinder, delay, or defraud a creditor of the Debtor whose claim arose prior to the dates of the Initial Transfer.

43. The Debtor had at least one creditor who could have avoided the Initial Transfer on the Petition Date.

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. declaring the Initial Transfer a fraudulent transfer pursuant to § 726.105(1)(a) of the Florida Statutes;

b. ordering that the Initial Transfer be avoided pursuant to § 726.105(1)(a) of the Florida Statutes;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and proper.

## COUNT VI
### RECOVERY OF TRANSFER PURSUANT TO FLA. STAT. §§ 726.108 AND 726.109 AND 11 U.S.C. §§ 550

44. The Plaintiff realleges each and every allegation contained in Paragraphs 1 through 16 and 40 through 43 of this Complaint as though fully set forth herein.

45. UBEF was the initial transferee of the Initial Transfer and/or the entity for whose benefit the Initial Transfer was made.

46. The Initial Transfer is avoidable by the Plaintiff pursuant to Section 726.105(1)(a), and as a result, the Initial Transfer, is recoverable by Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. Declaring UBEFunding LLC the initial transferee of the Initial Transfer;

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

b. awarding damages in the total amount of the Initial Transfer, plus pre-judgment interest, in favor of Plaintiff and directing UBEFunding LLC to turn over the Initial Transfer pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and proper.

## COUNT VII
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. 726.105(1)(b)

47. Plaintiff realleges paragraphs 1 through 16 of this Complaint as though fully set forth herein.

48. Within the four (4) year period immediately preceding the Petition Date, the Debtor made the Initial Transfer directly to UBEF.

49. The Initial Transfer constituted a transfer of an interest of the Debtor's, and now, Plaintiff's property.

50. The Debtor did not receive reasonably equivalent value in exchange for the Initial Transfer.

51. The Initial Transfer was made to UBEF: (1) when the Debtor was insolvent; (2) when the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (3) when the Debtor intended to incur or, believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

52. The Debtor had at least one creditor who could have avoided the Initial Transfer on the Petition Date.

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. declaring the Initial Transfer a fraudulent transfer pursuant to § 726.105(1)(b) of the Florida Statutes;

b. ordering that the Initial Transfer be avoided pursuant to § 726.105(1)(b) of the Florida Statutes;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and proper.

### COUNT VIII
### RECOVERY OF TRANSFER PURSUANT TO
### FLA. STAT. §§ 726.108 AND 726.109 AND 11 U.S.C. §§ 550

53. The Plaintiff realleges each and every allegation contained in Paragraphs 1 through 16 and 48 through 52 of this Complaint as though fully set forth herein.

54. UBEF was the initial transferee of the Initial Transfer.

55. The Initial Transfer is avoidable by the Plaintiff pursuant to Section 726.105(1)(b), and as a result, the Initial Transfer is recoverable by Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. declaring UBEFunding LLC the initial transferees of the Initial Transfer;

b. awarding damages in the total amount of the Initial Transfer, plus pre-judgment interest, in favor of Plaintiff and directing UBEFunding LLC

12

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

    to turn over the Initial Transfer pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

  c.    awarding costs of suit; and

  d.    granting such other and further relief as this Court deems just and proper.

## COUNT IX
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. 726.106(1)

56.    Plaintiff realleges paragraphs 1 through 16 of this Complaint as though fully set forth herein.

57.    Within the four (4) year period immediately preceding the Petition Date, the Debtor made the Initial Transfer to UBEF.

58.    The Initial Transfer constitutes a transfer of an interest of the Debtor's, and now, Plaintiff's property.

59.    The Debtor did not receive reasonably equivalent value in exchange for the Initial Transfer.

60.    The Debtor was insolvent at the time of the Initial Transfer or became insolvent as a result of the Initial Transfer.

61.    The Debtor had at least one creditor who could have avoided the Initial Transfer on the Petition Date.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

  a.    declaring the Initial Transfer a fraudulent transfer pursuant to § 726.106(1) of the Florida Statutes;

13

b. ordering that the Initial Transfer be avoided pursuant to § 726.106(1) of the Florida Statutes;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and proper.

## COUNT X
## RECOVERY OF TRANSFER PURSUANT TO
## FLA. STAT. §§ 726.108 AND 726.109 AND 11 U.S.C. §§ 550

62. The Plaintiff realleges each and every allegation contained in Paragraphs 1 through 16 and 57 through 61 of this Complaint as though fully set forth herein.

63. UBEF was the initial transferee of the Initial Transfer.

64. The Initial Transfer is avoidable by the Plaintiff pursuant to Section 726.106(1) and as a result, the Initial Transfer is recoverable by Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, UBEFunding LLC, as follows:

a. declaring the UBEFunding LLC the initial transferees of the Initial Transfer;

b. awarding damages in the total amount of the Initial Transfer, plus pre-judgment interest, in favor of Plaintiff and directing UBEFunding LLC to turn over the Initial Transfer pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and proper.

TABAS & SOLOFF, P.A. · INGRAHAM BUILDING, 25 SOUTHEAST SECOND AVENUE, SUITE 248, MIAMI, FLORIDA 33131 · (305) 375-8171

Case No.: 19-25435-BKC-LMI
Adv. Case No.: _____

# COUNT XI
## RECOVERY OF SUBSEQUENT TRANSFER PURSUANT TO
## FLA. STAT. §§ 726.108 AND 726.109 AND 11 U.S.C. §§ 550 AND 551

65. The Plaintiff realleges each and every allegation contained in Paragraphs 1 through 16, 18 through 23, 30 through 34, 40 through 43, 48 through 52, and 57 through 61 of this Complaint as though fully set forth herein.

66. The Initial Transfer is avoidable by the Plaintiff pursuant to 11 U.S.C. §§ 544 and 548 of the Bankruptcy Code and §§ 726.105 and 726.106 of the Florida Statutes.

67. As a result of the Transfers, Morales received the Real Property.

68. Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Section 548 of the Bankruptcy Code, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from - (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

69. Morales was the subsequent transferee of the Transfers. Morales lacked good faith, and is liable for the Subsequent Transfer under §§ 550 and 551 of the Bankruptcy Code and under §§ 726.108 and 726.109 of the Florida Statutes.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of AAA Machinery Parts and Rentals, LLC respectfully requests this Court enter judgment on his behalf and against Defendant, Angel Romer Morales, as follows:

    a. declaring Angel Romer Morales the subsequent transferee of the Transfers;

    b. awarding damages in the total amount of the Subsequent Transfer, plus pre-judgment interest, in favor of Plaintiff and directing Angel Romer Morales to turn over the Subsequent Transfer pursuant to §§ 550 and 551 of the Bankruptcy Code and under §§ 726.108 and 726.109 of the Florida

Case No.: 19-25435-BKC-LMI<br>Adv. Case No.: _____

    Statutes;

  c. awarding costs of suit; and

  d. granting such other and further relief as this Court deems just and proper.

Dated this 4th day of March, 2021.

                        Respectfully submitted,

                        /s/ Jessika A. Graham
                        Joel L. Tabas
                        Florida Bar No. 516902
                        Jessika A. Graham
                        Florida Bar No. 72452
                        Tabas & Soloff, P.A.
                        *Attorneys for Plaintiff, Joel L. Tabas*
                        Ingraham Building
                        25 SE Second Avenue – Suite 248
                        Miami, Florida  33131
                        Telephone: (305) 375-8171
                        Facsimile:  (305) 381-7708
                        jtabas@tabassoloff.com
                        jgraham@tabassoloff.com



THIS INSTRUMENT PREPARED BY AND RETURN TO:
**Anakrystine Vallin**
Allied Title Group, LLC
3785 NW 82nd Ave., Suite 414
Doral . FL 33166
Our File No.: **18-070**

CFN 2019R0053795
OR BK 31304 Pgs 2293-2294 (2Pgs)
RECORDED 01/28/2019 14:21:21
DEED DOC TAX $1,500.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Property Appraisers Parcel Identification (Folio) Number: **30-4005-014-1350**
The actual purchase price or other valuable consideration paid for the real property or interest conveyed by this instrument is **$250,000.00**. Florida Documentary Stamps in the amount of **$1,750.00** have been paid hereon.

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

# *WARRANTY DEED*

**THIS WARRANTY DEED,** made the **21st** day of **December, 2018** by **AAA Machinery Parts and Rentals LLC**, a Florida Limited Liabilty Company whose post office address is 5501 NW 82nd Ave. Miami, FL 33166 herein called the Grantor, to **UBEFunding LLC** , a Florida Limited Liability Company whose post office address is 493 NW 98th Ct. Unit 493, Miami, FL 33172, hereinafter called the Grantee:
*(Wherever used herein the terms "Grantor" and "Grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

**W I T N E S S E T H:** That the Grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee all that certain land situate in Miami-Dade County, State of Florida, viz.:

**Unit 493, Building 46, East Wind Lake Village Condominium, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 9546, Page 500, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but is not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium.**

Subject to easements, restrictions and reservations of record and taxes for the year 2018 and thereafter.

**TOGETHER,** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
**TO HAVE AND TO HOLD,** the same in fee simple forever.
**AND,** the Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2018.
**IN WITNESS WHEREOF,** the said Grantor has signed and sealed these presents the day and year first above written.
Signed, sealed and delivered in the presence of:

File No.: **18-070**

Book31304/Page2293    CFN#20190053795                                   Page 1 of 2

# EXHIBIT "A"

_Witness #1 Signature_

Ashley Vallin
Witness #1 Printed Name

_Witness #2 Signature_

Damaris Diaz
Witness #2 Printed Name

AAA Machinery Parts and Rentals LLC, a Florida Limited Liabilty Company

_____
Angel Morales SR, president

_____
Angel Romer Morales, manager

**STATE OF FLORIDA**
**COUNTY OF Miami-Dade**

The foregoing instrument was acknowledged before me this 21st day of December, 2018, by Angel Morales Sr president and Angel Romer Morales, manager for AAA Machinery Parts and Rentals LLC , a Florida Limited Liability Company who is personally known to me or has produced ____F.D.L.____ as identification and did did not take an oath.

**SEAL**

_____
Notary Public

Ashley Vallin
Printed Notary Name

My commission expires:

ASHLEY VALLIN
MY COMMISSION # GG 198024
EXPIRES: July 20, 2022
Bonded Thru Notary Public Underwriters

File No.: **18-070**



CFN 2020R0746116
OR BK 32257 Pgs 2770-2771 (2Pgs)
RECORDED 12/28/2020 08:15:36
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Parcel Identification No: **30-4005-014-1350**

This Instrument Prepared By
and Return to:
**Anakrystine Vallin**
Allied Title Group, LLC
3785 NW 82nd Ave., Suite 414
Doral . FL 33166

# QUITCLAIM DEED

*This Quitclaim Deed*, made this **21st** day of **December, 2018**, between **UBEFunding LLC, a Florida Limited Liability Company**, whose address is **493 NW 98th Ct, Miami, FL 33172**, Grantor, and **Angel Romer Morales, a single man**, whose address is **493 NW 98th Ct., Miami, FL 33172**, Grantee.

*(Wherever used herein the terms "Grantor" and "Grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

**WITNESSETH**, that the Grantor, for and in consideration of the sum of ------------TEN & NO/100 ($10.00)-------------------DOLLARS, and other good and valuable consideration to Grantor in hand paid by Grantee, the receipt of which is hereby acknowledged, has granted, bargained and quitclaimed to the said Grantee and Grantee's heirs and assigns forever, the following described land, situate, lying and being in the County of Miami-Dade, State of Florida, to-wit:

**Unit 493, Building 46, East Wind Lake Village Condominium, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 9546, Page 500, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but is not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium.**

Subject to easements, restrictions and reservations of record and taxes for the year 2019 and thereafter.

**TO HAVE AND TO HOLD** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of Grantor, either in law or equity, for the use, benefit and profit of the said Grantee forever.

**IN WITNESS WHEREOF**, the Grantor has hereunto set his/her hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

File # **18-070**

2

_____
Witness #1 Signature

Ashley Vallin
Witness #1 Printed Name

_____
Witness #2 Signature

Damaris Diaz
Witness #2 Printed Name

_____
Oliver Becerra, manager for UBEFunding LLC, a Florida Limited Liability Company

**STATE OF FLORIDA**
**COUNTY OF Miami-Dade**

The foregoing instrument was acknowledged before me this 21st day of December, 2018, by Oliver Becerra, manager UBEFunding LLC, a Florida Limited Liability Company who is personally known to me or who has produced _____F.D.L._____ as identification.

**SEAL**

My Commission Expires:

ASHLEY VALLIN
MY COMMISSION # GG 198024
EXPIRES: July 20, 2022
Bonded Thru Notary Public Underwriters

Notary Signature

Ashley Vallin
Printed Notary Signature

File # **18-070**